**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1071n.06

No. 10-4369

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Oct 12, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MICHAEL BUEHNER, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| DAVID BOBBY, Warden, | ) | DISTRICT OF OHIO |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE:  BOGGS and CLAY, Circuit Judges; STAFFORD, District Judge.[*]

PER CURIAM.  Michael Buehner, an Ohio state prisoner, appeals through counsel a district court judgment denying his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.

Buehner is serving a sentence of eighteen years to life following his conviction, after a jury trial, of murder with a gun specification.  After pursuing a direct appeal and post-conviction remedies in the state courts, Buehner filed for federal habeas corpus relief.  The district court adopted a magistrate judge's recommendation to deny the petition.  The sole issue certified for appeal is whether appellate counsel rendered ineffective assistance by failing to argue on direct appeal that the prosecution committed misconduct during its closing argument.  The state court rejected this claim on the ground that the prosecutorial-misconduct claim lacked merit, because Buehner could

---

[*]The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

not have been prejudiced by any argument of the prosecutor during closing due to the overwhelming evidence of his guilt. The district court found that this adjudication of the claim was not contrary to or an unreasonable application of clearly established federal law. *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).

Buehner now argues that the district court's judgment must be vacated and the matter remanded for further proceedings because the respondent never filed the transcript of the trial, as ordered by the district court. However, Buehner never objected to the state's failure to file the transcript below, or submitted the transcript himself, and we therefore find that he waived this issue. *Warfield v. Grams*, 341 F. App'x 227, 230 (7th Cir. 2009).

Upon review, we conclude that the district court properly found that Buehner failed to present any evidence in support of his argument that the prosecutor made improper statements in his closing argument, as required to demonstrate prosecutorial misconduct. *See Broom v. Mitchell*, 441 F.3d 392, 412 (6th Cir. 2006). Nor did he show that any statements in the prosecutor's closing argument were prejudicial in light of the total strength of the evidence against him, *see Goff v. Bagley*, 601 F.3d 445, 480 (6th Cir. 2010), which included the testimony of an eyewitness to the shooting and a witness to whom Buehner confessed the murder. Accordingly, the district court properly found that appellate counsel could not have been ineffective in failing to raise a claim of prosecutorial misconduct on direct appeal.

For all of the above reasons, the district court's judgment is affirmed.